1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                      ----oo0oo----

11

12   SCOTT JOHNSON,                    Civ. No. 16-2931 WBS KJN

13              Plaintiff,

14        v.                           MEMORANDUM AND ORDER RE:
                                        MOTION FOR PARTIAL SUMMARY
15   HEY NOW PROPERTIES, LLC, a        JUDGMENT
     California Limited Liability
16   Company; ALLA MANUKYAN; and Does
     1-10,
17
                Defendants.
18

19                      ----oo0oo----

20          Plaintiff Scott Johnson, a wheelchair-bound

21   quadriplegic, brought this action under the Americans with

22   Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Unruh

23   Civil Rights Act, California Civil Code §§ 51-53 ("Unruh Act").

24   Plaintiff now seeks partial summary judgment pursuant to Federal

25   Rule of Civil Procedure 56 as to his Unruh Act claim in the

26   amount of $8,000.  (Docket No. 18.)

27   I.   Factual and Procedural History

28
                            1

Plaintiff uses a wheelchair for mobility and owns a specially equipped van with a lift that deploys from the passenger side to accommodate his wheelchair. (Johnson Decl. ¶¶ 2-3 (Docket No. 18-5).) Plaintiff needs van-accessible parking with an eight-foot access aisle and adequate warning lettering to safely deploy his lift and exit his van. (Id. ¶ 9.) Without an access aisle, plaintiff runs the risk of getting struck by another car or having another vehicle park next to him and block him from re-entering his van. (Id. ¶ 10.) On February 12, 2015 and on four additional occasions over a sixteen-month period, plaintiff visited Danny's Automotive located at 10265 Folsom Boulevard in Rancho Cordova, California. (Id. ¶¶ 4, 14, 19.) At the times plaintiff visited Danny's Automotive, defendant Hey Now Properties, LLC ("Hey Properties") owned the real property located at 10265 Folsom Boulevard, and defendant Alla Manukyan owned Danny's Automotive. (Defs.' Answer ¶¶ 2-10 (Docket No. 6).)

When plaintiff arrived at Danny's Automotive on February 12, 2015, plaintiff found one parking space which appeared to have once been reserved for persons with disabilities. (Johnson Decl. ¶¶ 4, 6.) However, the surface markings of the parking spot were badly faded, including the "NO PARKING" lettering in the access aisle. (Id. ¶ 7.) When plaintiff pulled into that parking space, he saw that the access aisle was too narrow for him to use, and plaintiff was unable to park. (Id. ¶¶ 8, 12.)

When plaintiff returned to Danny's Automotive on June 8, 2016 in order to inquire about a service, plaintiff was forced

to park in one of the non-accessible parking spaces and leave the ramp of his van open and down for fear of being blocked by another vehicle. (Id. ¶¶ 14-15.) As plaintiff exited his vehicle, he found that the access aisle was sloped. (Id. ¶ 16.) The entrance doorway to the business office of Danny's Automotive had a pull-style door handle, which he found difficult to grasp due to his disability. (Id. ¶ 17.)

Prior to plaintiff's June 8, 2016 visit, plaintiff returned to Danny's Automotive multiple times but was deterred from going inside on each occasion because the condition of the parking lot had not changed. (Id. ¶¶ 19-22; Ex. 4 (Docket No. 18-7).)

On July 2, 2016, Tim Wegman, an investigator with the Center for Disability Access, visited Danny's Automotive to conduct a site inspection. (Wegman Decl. ¶¶ 1-2 (Docket No. 18-8).) Wegman indicates that Danny's Automotive had a total of 14 parking spaces, one of which was designated for use by persons with disabilities. (Id. ¶ 4.) He found that the outline of the designated parking space and its access aisle were faded and difficult to see. (Id. ¶ 8.) In addition, the "NO PARKING" lettering on the access aisle was also faded and he did not see any tow-away signage posted at or near the designated accessible parking space. (Id. ¶¶ 9-10, 14; Ex. 6 (Docket No. 18-9).) He also observed that the entrance door at Danny's Automotive had a pull-style handle. (Wegman Decl. ¶ 11.)

Wegman also personally took measurements with a measuring tape and slope gauge. (Wegman Decl. ¶ 12.) The designated accessible parking space measured 95 inches wide, and

the access aisle measured 80 inches wide. (Id. ¶ 5-6.) The
designated accessible parking space and access aisle had slopes
of 4.1% and 3.5%. (Id. ¶ 7.)

On December 16, 2016, plaintiff filed his complaint
against defendants alleging violations of the ADA and the Unruh
Act. (Compl. (Docket No. 1).) Plaintiff now seeks $8,000 in
statutory damages under the Unruh Act, $4,000 for his June 8,
2016 visit, and $4,000 for the many times he was deterred from
visiting. (Pl.'s Mem. of P. & A. in Support of Mot. for Partial
Summ. J. ("Pl.'s Mem.") at 11 (Docket No. 18-1).)

II.  Legal Standard

Summary judgment is proper "if the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a). A material fact is one that could affect the outcome
of the suit, and a genuine issue is one that could permit a
reasonable jury to enter a verdict in the non-moving party's
favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).

The party moving for summary judgment bears the initial
burden of establishing the absence of a genuine issue of material
fact and can satisfy this burden by presenting evidence that
negates an essential element of the non-moving party's case.
Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
Alternatively, the movant can demonstrate that the non-moving
party cannot provide evidence to support an essential element
upon which it will bear the burden of proof at trial. Id. Any
inferences drawn from the underlying facts must, however, be

4

viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III. Discussion

The Unruh Act provides in relevant part that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 [] shall also constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f). The Unruh Act generally provides for a minimum of $4,000 in statutory damages for each offense. See Cal. Civ. Code § 52. Additionally, "[i]t is clearly established that a plaintiff need not show actual damages to recover the statutory minimum." Johnson v. Guedoir, 218 F. Supp. 3d 1096, 1102-03 (E.D. Cal. 2016) (Nunley, J.).

A.   Jurisdiction

Defendants present evidence that they have corrected all alleged ADA violations. (See Cormier Decl. ¶ 2 (Docket No. 21-1).) Because plaintiff has not presented any evidence to the contrary, the court concludes defendants have corrected all alleged ADA violations.

Defendants argue that because defendants have made all necessary modifications to their property, plaintiff's request for injunctive relief is moot, which renders the court without jurisdiction. (Defs.' Opp'n at 1.) The judges in this district appear to be split on the question of whether a plaintiff's ADA claim is moot where defendants have brought their business into ADA compliance. See Johnson v. Tackett, 272 F. Supp. 3d 1198, 1204 (E.D. Cal. 2017) (Mueller, J.) (finding plaintiff's ADA and

Unruh Act claims not moot where defendants modified the accessible parking space).  Compare Johnson v. BBVA Compass Fin. Corp., Civ. No. 2:14-2416 JAM KJN, 2016 WL 1170855, at *2 (E.D. Cal. Mar. 25, 2016) (concluding defendant's parking lot modifications mooted plaintiff's ADA claim).  Regardless of which interpretation is adopted, even if plaintiff's ADA claim is rendered moot, this court may exercise supplemental jurisdiction over plaintiff's Unruh Act claim.  See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").  "Even if a defendant has removed barriers to access and thereby mooted the plaintiff's ADA claim, those remedial measures will not moot a[n] [Unruh Act] claim for damages."  Johnson v. Oropeza, Civ. No. 2:14-1369 WBS DAD, 2015 WL 5255410, at *2 (E.D. Cal. Sept. 9, 2015) (citing Wilson v. Pier 1 Imports (US), Inc., 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) (Karlton, J.)).

In this particular case, because the court and the parties have already spent substantial time and resources adjudicating plaintiff's claims, the court will exercise its supplemental jurisdiction over the state law claim.  Thus, the court rejects defendants' claim that it lacks jurisdiction.

B.  Liability

Defendants do not dispute liability based on the fact that their property was not fully ADA compliant, and thus violated the Unruh Act, when plaintiff visited the property. (Defs.' Opp'n at 2 (Docket No. 21).)  Because defendants concede

6

liability, the court will grant plaintiff's motion for summary judgment on the issue of liability under the Unruh Act.

    C.    Reduction Pursuant to § 55.56(g)(1)

Defendants only contest the amount of monetary damages plaintiff should receive under the Unruh Act. (Defs.' Opp'n at 2-3.) Defendants argue that they have presented evidence to raise a genuine issue of material fact as to whether they are entitled to a reduction of the statutory damages from $8,000 to $1,000 pursuant to Cal. Civ. Code § 55.56(g)(1). (Id. at 2.)

The Unruh Act ordinarily provides for a minimum damage award of $4,000 for each visit. Cal. Civ. Code § 52(a). However, California law reduces this award if defendants have "corrected all construction-related violations that are the basis of a claim within 60 days of being served with the complaint," Cal. Civ. Code § 55.56(g)(1), in addition to demonstrating the additional requirements outlined by different subsections of § 55.56(g)(1).

Here, defendants do not state which subsection of 55.56(g)(1) they are relying on to reduce statutory damages under the Unruh Act. However, defendants do not present any evidence that they were implementing reasonable measures to correct the alleged violation before the particular occasion on which plaintiff was allegedly denied full or equal access, as required by § 55.56(g)(1)(B). In addition, defendants do not provide evidence that the alleged violation was a new construction or an improvement approved and passed inspection, either by the local building department permit and inspection process, as required by § 55.56 (g)(1)(C), or by a certified access specialist, as

required by § 55.56(g)(1)(D).  Therefore, the court assumes

defendants seek to reduce statutory damages under §

55.56(g)(1)(A) which states:

> (g)(1) Notwithstanding any other law, a
> defendant's liability for statutory damages in a
> construction-related accessibility claim against
> a place of public accommodation is reduced to a
> minimum of one thousand dollars ($1,000) for each
> offense if the defendant demonstrates that it has
> corrected all construction-related violations
> that are the basis of a claim within 60 days of
> being served with the complaint, and the
> defendant demonstrates any of the following:
>
> (A) The structure or area of the alleged
> violation was determined to be "CASp-inspected"
> or "meets applicable standards" and, to the best
> of the defendant's knowledge, there were no
> modifications or alterations that impacted
> compliance with construction-related
> accessibility standards with respect to the
> plaintiff's claim that were completed or
> commenced between the date of that determination
> and the particular occasion on which the
> plaintiff was allegedly denied full and equal
> access.

Cal. Civ. Code § 55.56(g)(1)(A).

Here, plaintiff presents evidence that defendants were

served on or before December 28, 2016.  (Gunderson Decl. ¶ 2, Ex.

2 (Docket Nos. 22-1, 22-2).)  Therefore, in order to reduce the

damage reward, all remedial measures would need to have been

taken by the end of February of 2017.  To support defendants'

request to reduce statutory damages pursuant to 55.56(g)(1),

Angelo Orciuoli, the owner of the property at issue, states that

immediately upon being served with the Complaint he retained a

Certified Access Specialist "CASp inspector" to inspect his

property for ADA compliance.  (Orciuoli Decl. ¶ 2 (Docket No. 21-

2).)  He further states that after receiving the inspector's

conclusions and within 60 days of being served with the

Complaint, he corrected all ADA violations that form the basis of plaintiff's claim. (Id. ¶ 3.)

Even assuming the violations that are the basis of plaintiff's claim were remedied within 60 days of being served with the Complaint, "[i]t is clear from the language of the statute that the CASp inspection must have occurred prior to the occasion when the plaintiff was denied full and equal access." Lozano v. C.A. Martinez Family Ltd. P'ship, 129 F. Supp. 3d 967, 974 (S.D. Cal. 2015). Here, defendants state the property was CASp inspected after they were served with the Complaint in this action. (Orciuoli Decl. ¶ 2.) Therefore, defendants do not qualify for a reduction in statutory damages under Section 55.56(g)(1)(A). See Lozano, 129 F. Supp. 3d at 974 (stating defendants do not qualify for reduction of statutory damages under 55.56(f)(1)(A)[1] where the property, including the parking spaces, were inspected by a Certified Access Specialist after the lawsuit was filed).

Accordingly, there is no genuine issue of material fact as to whether defendants met the requirements of 55.56(g)(1)(A). Therefore, defendants are not able to claim reduced damages under Cal. Civ. Code. § 55.6(g)(1).

D.   Reduction Pursuant to § 55.56(h)

Defendants also argue that plaintiff is not entitled to a damage award of $8,000 because plaintiff presented no evidence

---

[1]   The current version of the statute came into effect May 10, 2016.  Section 55.56(f)(1)(A) from the prior version of the statute, see Cal. Civ. Code 55.56(f)(1)(A) (2014), is identical to the language now codified in Cal. Civ. Code 55.56(g)(1)(A).

9

as to the reasonableness of his visits pursuant to California

Civil Code section 55.56(h).  California Civil Code Section

55.56(h) provides: "This section does not alter the applicable

law for the awarding of injunctive or other equitable relief for

a violation or violations of one or more construction-related

accessibility standards, nor alter any legal obligation of a

party to mitigate damages."  Section 55.56(h) "does not create a

duty to mitigate, but merely states that where one exists, the

section does not alter said duty."  Guedoir, 218 F. Supp. 3d at

1102.  The Unruh Act is silent on a duty to mitigate.  Id. at

1102–03.

Defendants argue that in other cases, including Johnson

v. Wayside Property, Inc., 41 F. Supp. 3d 973, 981 (E.D. Cal.

2014) (Shubb, J.), the issue of mitigation has precluded summary

judgment where the plaintiff was seeking damages for multiple

visits to a facility.  See also Johnson v. Patel, Civ. No. 2:14-

2078 WBS, 2015 WL 5560257, at *3 (E.D. Cal. Sept. 21, 2015).

However, defendants' reliance on Wayside is misplaced.

First, Wayside dealt with a plaintiff seeking $4,000

for each visit, not $4,000 for one visit, and an additional

$4,000 for deterrence as the plaintiff requests in this case.

See Patel, 2015 WL 5560257, at *3.  "The California Civil Code

specifically contemplates both types of Unruh Act violations, see

Cal. Civ. Code § 55.56(b), (d)."  Johnson v. Bourbon Properties,

LLC, Civ. No. 2:14-02949 MCE AC, 2017 WL 1549952, at *2 (E.D.

Cal. May 1, 2017).  Moreover, case law indicates "that there is

no duty to mitigate [] where Plaintiff seeks recovery for only

one encounter and one deterrence."  Guedoir, 218 F. Supp. 3d at

1103; see also Langer v. McHale, Civ. No. 13-2721 CAB NLS, 2014
WL 5422973, at *4 (S.D. Cal. Oct. 20, 2014).[2]  Thus, because
there is no duty to mitigate damages under the circumstances
presented here, the court need not consider the reasonableness of
plaintiff's conduct.  Accordingly, plaintiff is entitled to
$8,000 in statutory damages--$4,000 for his June 8, 2016 visit to
Danny's Automotive and $4,000 for deterrence.  See Bourbon
Properties, 2017 WL 1549952, at *2 (plaintiff was entitled to
$8,000 in statutory damages for one visit and one instance of
being deterred from patronizing the store under the Unruh Act).[3]

Because defendants concede liability and fail to raise
a genuine issue of material fact regarding the amount of
statutory damages owed to plaintiff, the court will grant
plaintiff's Motion for Partial Summary Judgment.

IT IS THEREFORE ORDERED that plaintiff's Motion for

[2]  "Moreover, the cases that have found a failure to
mitigate on a plaintiff's part have involved situations where the
plaintiff sought recovery of multiple visits to a non-compliant
facility in a short amount of time."  Guedoir, 218 F. Supp. 3d at
1103.

[3]  Furthermore, in Wayside, this court relied on section
55.56(h), which at the time read: "In assessing liability under
subdivision (d), in an action alleging multiple claims for the
same construction-related accessibility violation on different
particular occasions, the court shall consider the reasonableness
of the plaintiff's conduct in light of the plaintiff's
obligations, if any, to mitigate damages."  However, the present
statute became effective May 10, 2016, and section 55.56(h) no
longer contains this language.  See Act of May 10, 2016, ch. 13,
2016 Cal. Stat. 63.  The "reasonableness" language actually
appears in section 55.56(i), which is identical to the language
that was previously in section 55.56(h).  Even if the parties
cited the correct section of the statute, the analysis would not
be different because the courts have found that there is no duty
to mitigate where the plaintiff seeks to recover for only one
encounter and one deterrence.

1  Partial Summary Judgment (Docket No. 18) be, and hereby is,

2  GRANTED.  The court awards plaintiff statutory damages in the

3  amount of $8,000.

4  Dated:  May 15, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE