UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEY NOW PROPERTIES, LLC, a California Limited Liability Company; ALLA MANUKYAN; and DOES 1-10,<br><br>　　　　Defendant. | No. 2:16-cv-02931 WBS KJN<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

----oo0oo----

Plaintiff Scott Johnson is a quadriplegic who brought this action based on access barriers he encountered at Danny's Automotive in Rancho Cordova, California, which defendants own and operate. Plaintiff alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. On May 16, 2018, the court granted plaintiffs' Motion for Partial

1

Summary Judgment (Docket No. 18) on his claim under the Unruh Act and awarded plaintiff $8,000 in damages. (Docket No. 28.) The parties subsequently resolved plaintiff's remaining claim.[1] (See Docket No. 34.) Presently before the court is plaintiff's request for an award of attorneys' fees and costs.[2] (Docket No. 42.)

The court may award attorneys' fees to the prevailing party in a suit brought under the Unruh Act. See Cal. Civ. Code §§ 52(a), 55.55. Because plaintiff prevailed only on his state law claim,[3] the court must apply state law governing the award of attorneys' fees. See Klein v. City of Laguna Beach, 810 F.3d 693, 701 (9th Cir. 2016) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the Erie doctrine."). Defendant contends that plaintiff's attorneys' fees are excessive.

Under California law, the court calculates the

---

[1] Because plaintiff has filed a notice of abandonment (Docket No. 41), the court will dismiss plaintiff's remaining claim for injunctive relief under the ADA.

[2] The issues herein have been thoroughly briefed. In order to prevent the amount of attorneys' fees from escalating further, the court issues this Order without oral argument. See also Local Rule 230(g) ("[A] motion may be submitted upon the record and briefs on file . . . if the Court so orders.")

[3] By abandoning his ADA claim as moot, plaintiff is not the prevailing party for the purposes of his federal claim, as "there is no judicially sanctioned change in the legal relationship of the parties" with respect to this claim. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (holding that a plaintiff is not a "prevailing party" for the purposes of the ADA "if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct").

2

reasonable amount of attorney's fees by starting with the lodestar -- "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000). The court may adjust the lodestar figure "based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id. The lodestar is the presumptive method under all fee-shifting statutes, see Ketchum v. Moses, 24 Cal. 4th 1122, 1135 (2001), and there is no indication to the contrary in the Unruh Act.

I. Lodestar Computation

    A. Reasonable Number of Hours

The party seeking attorneys' fees "must prove the hours they sought were reasonable and necessary." El Escorial Owners' Ass'n v. DLC Plastering, Inc., 154 Cal. App. 4th 1337, 1366 (2d Dist. 2007). "The evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1320 (4th Dist. 2008).

Plaintiff submitted a billing summary itemizing the time spent by attorneys Mark Potter, Russell Handy, Raymond Ballister Jr., Phyl Grace, Mary Melton, Dennis Price, Isabel Masanque, Chris Carson, Amanda Seabock, Khushpreet Mehton, Sara Gunderson, and Bradley Smith. (Pl.'s Mot. for Att'y's Fees and Costs ("Pl.'s Mot.") Ex. 2, Billing Summary (Docket No. 42-5).) Plaintiff requests $18,020 for a total of 63.5 hours of work. (Id.) The billing summary shows that Potter billed 15.3 hours,

3

| | |
|---|---|
| 1 | Handy 6.1 hours, Ballister 0.2 hours, Grace 4.3 hours, Melton 9.4 |
| 2 | hours, Price 6.1 hours, Masanque 3.2 hours, Carson 1.8 hours, |
| 3 | Seabock 1.1 hours, Mehton 2.2 hours, Gunderson 12.6 hours, and |
| 4 | Smith 1.2 hours.  (Id.)  Defendant specifically objects to the |
| 5 | billing entries of Potter and Handy.  (See Defs.' Opp'n to Pl.'s |
| 6 | Mot. for Att'y's Fees and Costs at 1-2 (Docket No. 44).) |
| 7 | Defendant argues that neither Potter nor Handy had any |
| 8 | involvement in this case and, alternatively, that any work they |
| 9 | did could have been done by less senior attorneys in their |
| 10 | office.[4]  (Id. at 2.) |

        Potter's statement indicates that he billed for assessing the allegations, instructing his support staff on various tasks, and reviewing documents related to the lawsuit. (See Pl.'s Mot. Ex. 2, Potter Billing Statement.)  None of these items appear to be unreasonable or excessive given the circumstances.  Additionally, of the 15.3 hours he claimed, Potter estimated he would spend 8 hours reviewing the opposition, drafting a reply brief, and attending oral argument on the pending motion for attorneys' fees and costs.  (Id. at 2.)  Given the brevity of the opposition and the fact that Potter did not have to expend any time preparing for or attending oral argument

---

[4] The court rejects this alternative argument that certain work could have been done by more junior attorneys. Defendant cites no authority and the court is unaware of any, holding that this is a permissible ground to deny fees. Moreover, the court will not substitute its own judgment regarding appropriate staffing in this case.  Cf. Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008) ("The court . . . may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests.").

4

since the court determined that oral argument was unnecessary and vacated the hearing, the court will reduce Potter's hours by 5. Accordingly, the court finds that Potter reasonably expended 10.3 hours on this case.

Handy's statement shows that he billed for drafting the complaint, reviewing expert reports, reviewing case documents, and instructing support staff. (See Pl.'s Mot. Ex. 2, Handy Billing Statement.) Again, the court finds that none of these items appear to be unreasonable or excessive given the circumstances. Handy also claims 2.2 hours for conducting public records research on July 5, 2016. (Id.) The court has previously addressed this precise task by plaintiff's counsel in three of its prior decisions and reduced the hours in each case because the work is substantially clerical in nature. See Johnson v. Xinliang Bai, 2:16-cv-1698 WBS GGH, 2017 WL 3334006, at *2 (E.D. Cal. Aug. 4, 2017) (2.2 hours for public records research reduced to 1 hour); Johnson v. Wayside Prop., Inc., No. 2:13-cv-1610 WBS AC, 2014 WL 6634324, at *4 (E.D. Cal. Nov. 21, 2014) (2.1 hours for public records research reduced to 1.1 hours); Johnson v. Allied Trailer Supply, No. 2:13-cv-1544 WBS EFB, 2014 WL 1334006, at *2 (E.D. Cal. Apr. 3, 2014) (2.1 hours for public records research reduced to 1.1 hours). Plaintiff does not distinguish the record search performed in these other cases from the search performed here, and the court finds that a reduction of 1.2 hours is merited. Accordingly, the court finds that Handy reasonably expended 4.9 hours.

Having made the above reductions, the court finds that plaintiff's attorneys reasonably expended a total of 57.3 hours.

B.  Reasonable Hourly Rate

"The reasonable hourly rate is that prevailing in the community for similar work." Drexler, 22 Cal. 4th at 1095.  This rate is a product of a multiplicity of factors, see Ketchum, 24 Cal. 4th at 1139, and "[t]he rates of comparable attorneys in the forum district are usually used," see Nishiki v. Danko Meredith, APC, 25 Cal. App. 5th 883, 898 (1st Dist. 2018).  The relevant forum district in this case is the Sacramento Division of the Eastern District of California.

Here, plaintiff seeks an hourly rate of $350 for Potter and Handy; $300 for Ballister, Grace, and Melton; $250 for Price, Masanque, Carson, Seabock, and Mehton; and $200 for Gunderson and Smith.  All attorneys were associated with the Center for Disability Access ("CDA") during the lawsuit.  Potter and Handy are managing partners of CDA, both with approximately twenty years of experience with disability cases.  (Decl. of Mark Potter ¶¶ 1-8 (Docket No. 42-4).)  Ballister, Grace, and Melton are senior attorneys, each having practiced for more than twenty years.  (Id. ¶¶ 9-11.)  The remaining attorneys all have fewer than ten years of legal experience.  (Id. ¶¶ 12-18.)  Plaintiff's counsel concedes that this case involves a straight-forward application of the law and did not present novel or difficult issues requiring a high level of skill or specialization. (See Pl.'s Mem. at 17 (Docket No. 42-1).)

The court has examined the experience of many of these attorneys in previous disability access cases brought by plaintiff and found that hourly rates of $300 for Potter and

Handy, $250 for senior attorneys,[5] and $150 for junior attorneys were reasonable. See, e.g., Johnson v. Gross, No. 2:14-cv-2242 WBS KJN, 2016 WL 3448247, at *2-3 (E.D. Cal. June 23, 2016). Plaintiff's counsel does not cite any new cases finding that the reasonably hourly rate in Sacramento in a routine disability access case exceeds these rates. To the extent plaintiff's counsel relies on the Laffey Matrix or the 2014 Real Rate Report to justify their proposed rates, the court rejects those methods for the same reasons it has in the past. The Laffey Matrix is not an accurate tool to assess market rates in this district and it fails to account for differences in hourly rates depending on the area of practice. See Wayside, 2014 WL 66334324, at *7. Further, the 2014 Real Rate Report does not address disability access practice and is designed for lawyers who work for corporate clients. See id. For the reasons expressed in the court's prior orders, the court finds that the reasonable rates are $300 for Potter and Handy; $260 for Ballister; $250 for Grace and Melton; and $150 for Price, Masanque, Carson, Seabock, Mehton, Gunderson, and Smith.

Accordingly, the lodestar in this case is $12,267, calculated as follows:

| | | | | | |
|---|---|---|---|---|---|
| Potter: | 10.3 | x | $300 | = | $3,090 |
| Handy: | 4.9 | x | $300 | = | $1,470 |
| Ballister: | 0.2 | x | $260 | = | $ 52 |
| Grace: | 4.3 | x | $250 | = | $1,075 |

---

[5] The court adopts its prior reasoning in Wayside, 2014 WL 6634324, to authorize a rate of $260 per hour for Ballister. Id. at *8 (finding that this rate was appropriate given his uniquely lengthy legal experience).

7

| | | | | | | |
|---|---|---|---|---|---|---|
| Melton: | 9.4 | x | $250 | = | $2,350 |
| Price: | 6.1 | x | $150 | = | $ 915 |
| Masanque: | 3.2 | x | $150 | = | $ 480 |
| Carson: | 1.8 | x | $150 | = | $ 270 |
| Seabock: | 1.1 | x | $150 | = | $ 165 |
| Mehton: | 2.2 | x | $150 | = | $ 330 |
| Gunderson: | 12.6 | x | $150 | = | $1,890 |
| Smith: | 1.2 | x | $150 | = | $ 180 |
| | | | | | $12,267 |

Because neither party seeks a multiplier or reduction to the lodestar and the lodestar is the presumptively reasonable method, see Ketchum, 24 Cal. 4th at 1134-35, the court finds that no further adjustment to the lodestar is warranted.

II. Costs and Litigation Expenses

Plaintiff seeks $3,076.50 in costs. These costs include $50 in service costs, $400 in filing fees, $400 in investigation fees, and $2,226.50 in expert fees. Plaintiff relies entirely on the ADA, which permits the court to allow "the prevailing party . . . reasonable attorney's fees, including litigation expenses, and costs." See 42 U.S.C. § 12205. As explained previously, plaintiff did not prevail on his ADA claim and ultimately abandoned that claim as moot. (See Docket No. 41.) On summary judgment, plaintiff prevailed on his state law Unruh Act claim, so the court must determine the extent to which he can recover litigation expenses and costs pursuant to that partial judgment.

The award of costs is a procedural matter, which means that federal law generally applies. See Champion Produce, Inc.

v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003) ("An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases."). As a limited exception, state law governs the award of costs where "a state law provision allows for the awarding of costs as part of a substantive, compensatory damages scheme." See Kelly v. Echols, No. 1:05-cv-118 AWI SMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005) (citing Clausen v. M/V New Carissa, 339 F.3d 1049, 1064-65 (9th Cir. 2003)). This limited exception does not apply here because the Unruh Act does not contain any provision regarding costs. See Dodson v. Pan Pac. Retail Props., Inc., No. 2:02-cv-0258 WBS KJM, 2003 WL 25656776, at *2 (E.D. Cal. June 13, 2003) ("Neither section 52 of the Unruh Act nor section 54.3 of the Disabled Persons Act contain any provision regarding costs."). Accordingly, federal law controls.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-45 (1987) (limiting taxable costs to those enumerated in Section 1920). Section 1920 "lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed

9

experts." See Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012). The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523.

Here, plaintiff's filing fees and costs of service are compensable under Section 1920 and will be awarded. See Johnson v. Iqbal, No. 2:15-CV-00191 KJM AC, 2016 WL 3407773, at *4 (E.D. Cal. June 21, 2016) (holding the same). Plaintiff cannot recover as costs any of his litigation expenses for investigation and expert fees because they fall outside of the purview of Section 1920.[6] See United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (holding that out-of-pocket litigation expenses are distinct from costs awarded to plaintiffs under Section 1920). Unlike the ADA, the Unruh Act contains no mention of litigation expenses as allowable costs. Moreover, the court is unaware of any authority that would allow it to include litigation expenses as part of the attorneys' fees award

---

[6] Section 1920 does not entitle the prevailing party "to anything for services rendered by experts in a nontestimonial capacity." See Gates v. Deukmejian, 987 F.2d 1392, 1407 (9th Cir. 1992). Because there was no trial in this case, plaintiff cannot recover his expert fees under the provision of Section 1920 authorizing fees for witnesses. See id.

10

authorized by the Unruh Act.[7]  Accordingly, plaintiff may recover only $450 in costs.

IT IS THEREFORE ORDERED that plaintiff's remaining claim for injunctive relief under the ADA be, and the same hereby is, DISMISSED WITH PREJUDICE.

IT IS FUTHER ORDERED that plaintiff's motion for attorneys' fees (Docket No. 42) be, and the same hereby is, GRANTED in part.  Defendants are directed to pay plaintiff $12,267 in attorneys' fees and $450 in costs.

Dated:  February 12, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[7]  By contrast, under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, "out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees."  See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987).

11